Appeal from a judgment of the Supreme Court (Elliott III, J.), entered November 29, 2016 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent’s motion to dismiss the petition.
 

 Following tier II and tier III hearings, petitioner was found guilty of violating multiple prison disciplinary rules. The Department of Corrections and Community Supervision determined that the 30-day keeplock penalty that was imposed in connection with the tier II disciplinary determination would run consecutively to the keeplock penalty that was imposed in connection with the tier III disciplinary determination. Petitioner commenced this CPLR article 78 proceeding challenging the manner in which the keeplock penalties were set to run, maintaining that they should run concurrently. In the petition, he requested, among other things, vacatur and expungement of the tier II disciplinary determination.
 
 *
 
 Supreme Court, however, granted respondent’s motion to dismiss the petition on procedural grounds. Petitioner now appeals.
 

 The Attorney General has advised this Court that the tier II disciplinary determination at issue has been administratively reversed, all references to it have been expunged from petitioner’s institutional record and the $5 mandatory surcharge will be refunded to petitioner. Inasmuch as petitioner has been granted all the relief to which he is entitled, specifically, administrative reversal and expungement of the subject determination including any references to the 30-day keeplock penalty, the appeal is now moot and must be dismissed (see Matter of Ballard v Yelich, 153 AD3d 1507, 1507 [2017]; Matter of Owens v Annucci, 153 AD3d 1507, 1508 [2017]). As the record reflects that petitioner paid a reduced filing fee of $15, and he has requested a refund thereof, we grant such request for reimbursement of that amount.
 

 Peters, P.J., Egan Jr., Lynch, Devine and Aarons, JJ., concur.
 

 Ordered that the appeal is dismissed, as moot, without costs, but with disbursements in the amount of $15.
 

 *
 

 The tier III disciplinary determination was reversed on administrative appeal.